UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Soonja Son, Mi Ae Kang and, In Hyeong Sur on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HAND Hospitality LLC, Cho Dang Gol LLC, Toledo 53 Inc., Yeonhee Kim, Chanhong Min, and Kihyun Lee,<br><br>        Defendants, | Index No. 22-CV-4639<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br><br>**JURY DEMANDED** |

Plaintiffs Soonja Son, Mi Ae Kang and In Hyeong Sur (together, "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, by and through their undersigned counsel Ryan Kim Law, P.C., as and for their Complaint in this action against Defendants HAND Hospitality LLC, Cho Dang Gol LLC, Toledo 53 Inc., ("Cho Dang Gol" or the "Restaurant"), Yeonhee Kim, Chanhong Min, and Kihyun Lee (the "Individual Defendant") (the Restaurant and the Individual Defendant are collectively referred to herein as "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.    Defendants subjected Plaintiffs, who worked as Servers and a Kitchen worker, and other similarly-situated employees at Cho Dang Gol to numerous violations of federal and state laws during their employment, including (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), §650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207

1

and NYLL § 650 *et seq.*; (c) illegal retention of employee gratuities in violation of FLSA § 203(m)(2)(B) and NYLL § 196-d; (d) unlawful deduction from employees' wage (e) failure to pay for all hours worked in violation of NYLL § 191; (f) failure to provide accurate wage notices in violation of NYLL §§ 195(1) and (2); (g) failure to provide wage statements in violation of NYLL § 195(3); (h) retaliation in violation of NYLL § 215 and 29 U.S.C. § 215(a)(3).

2.    Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and behalf of all other similarly situated persons who were employed by Defendants as non-exempt employees including, but not limited to, Servers, Bussers, Hosts, Kitchen workers, and other similar positions" during the applicable limitations period (the "FLSA Collective Period").    Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.    Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as non-exempt employees , including, but not limited to, Servers, Bussers, Hosts, Kitchen workers or similar positions" during the applicable limitations period (the "NYLL Class Period").    Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "NYLL Class."

4.    Plaintiffs also bring individual claims for unlawful retaliation pursuant to FLSA § 215 and NYLL § 215.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiffs', the FLSA

Collective's, and the NYLL Class's rights under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367(a).Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district, namely Manhattan, New York.

## **PARTIES**

6.    Plaintiff Soonja Son ("Son") is an adult resident of the state of New York and was employed by Defendants as a Server at Cho Dang Gol from May 1, 2021, to the present. At all relevant times, Ms. Son was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Ms. Son will be filed with the Court.

7.    Plaintiff Mi Ae Kang ("Kang") is an adult resident of the state of New York and was employed by Defendants as a Server at Cho Dang Gol from July 11, 2021, to the present. At all relevant times, Ms. Kang was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Ms. Kang will be filed with the Court.

8.    Plaintiff In Hyeong Sur ("Sur") is an adult resident of the state of New York and was employed by Defendants as a kitchen worker at Cho Dang Gol from April 2018 to December 10, 2022. At all relevant times, Ms. Sur was an "employee" within the meaning of all applicable statutes. A consent to Participate as a Plaintiff in this action executed by Ms. Sur will be filed with the Court.

9.    Defendant HAND Hospitality LLC is a New York limited liability corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. HAND Hospitality LLC operates 13 restaurants including Cho Dang Gol in New York.

10.    Defendant Cho Dang Gol LLC is a New York limited liability corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. Cho Dang Gol LLC operates the restaurant Cho Dang Gol at 55 W. 35th Street New York, NY 10001.

11.    Defendant Toledo 53 Inc is a New York corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. Toledo 53 Inc operates the restaurant Cho Dang Gol at 55 W. 35th Street New York, NY 10001.

12.    The restaurant Cho Dang Gol is a Korean restaurant located at 55 W. 35th Street New York NY 10001.   At all relevant times, Cho Dang Gol was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

13.    Defendant Kihyun Lee is the sole owner of Cho Dang Gol and, upon information and belief, an adult resident of the state of New York. Mr. Hyun exercises sufficient control of Cho Dang Gol's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

14.    Defendant Chanhong Min is a general manager of Cho Dang Gol and, upon information and belief, an adult resident of the state of New York.   Mr. Min exercises sufficient control of Cho Dang Gol's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

15.    Defendant Yeonghee Kim was a manager of Cho Dang Gol and now she is a captain of servers, upon information and belief, an adult resident of the state of New York. Ms. Kim exercises sufficient control of Cho Dang Gol's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

**FACTUAL ALLEGATIONS**

**Minimum Wage Violations**

16.    Defendants were/are permitted, under the FLSA and NYLL, to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee, and no portion of the tips are retained by Defendants or given to employees in non-tipped positions.

17.    New York Labor Law also requires an employer to issue written notice which is signed by the employee receiving tipped minimum wage in order to take tip credit toward meeting minimum wage.

18.    However, Defendants are not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiffs, the FLSA Collective, and the NYLL Class, because Defendants would retain tips and would pay a portion of the tips earned by Plaintiffs, the FLSA Collective and the NYLL Class to managerial staff. Specifically, Defendant Min and Kim would each retain/receive some portion of Cho Dang Gol Server's tip allocation each day. Further, defendants failed to issue required written notice and as a result they are not eligible to take tip credit toward minimum wage.

19.    Upon information and belief, Defendants also siphoned off a portion of the tips earned by Plaintiffs, the FLSA Collective, and the NYLL Class to pay the salaries of other staff, including the salaries of the Restaurant's other employees who were not tipped employees and did not participate in the tip pool.

20.    As such, Defendants were obligated to pay Plaintiffs, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through the application of a tip credit.

21.    Defendants tried to hide their practice of issuing tips to Plaintiffs and the FLSA collective and the NYLL Class by failing to be transparent about and provide documentation such as tip pool sheets substantiating how much tips were collected and how they were being allocated and paid out each day. Certain staff members who repeatedly asked questions about how their pay was calculated were.

22.    Defendants deducted 25% of employees' cash wages, claiming it was for taxes, yet failed to submit it to the appropriate government tax authorities.

23.    The employees who got paid in cash couldn't meet the minimum wage due to the deductions made by the Defendants.

24.    As a result of the above unlawful practices, the Plaintiffs, the FLSA Collective, and the NYLL Class were not paid minimum wages, in violation of the FLSA and NYLL.

**FLSA § 203(m)(2)(B) and New York Labor Law § 196-d Violations**

25.    As alleged above, during Plaintiffs' employment and at all relevant times during the FLSA Collective Period and NYLL Class Period, Defendants unlawfully retained tips and wages that were earned by and owed to Plaintiffs and other members of the NYLL Class, in violation of FLSA § 203(m)(2)(B) and NYLL § 196- d.

26.    As such, Defendants are required to disgorge and pay back all the gratuities and wages they unlawfully retained to Plaintiffs, the FLSA Collective, and the NYLL Class, along with liquidated damages and interest.

**"Shaving Time"**

27.    During Plaintiffs' employment and the FLSA Collective Period and NYLL Class Period, Plaintiffs and members of the FLSA Collective and NYLL Class clocked in and out through the Cho Dang Gol's POS system. But Defendants paid them a few hours less than all the hours they worked in a week instead of paying them all the hours they worked. Defendants did so by manually manipulating the clocking system they utilize to track employees' work hours.

28.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA collective. This policy and pattern or practice include but are not limited to, willfully shaving their employees' time in order to avoid paying for all of the hours worked by Plaintiffs and the FLSA Collective.

29.    As a result of this and other "Time Shaving," Defendants unlawfully failed to pay Plaintiffs, the FLSA Collective, and the NYLL Class minimum wages in violation of the FLSA and NYLL, overtime wages in violation of the FLSA and NYLL, and straight time wages for all hours worked in violation of NYLL § 191(1)(a)(i).

**Wage Notice and Wage Statement Violations**

30.    Defendants also failed to provide Plaintiffs and members of the NYLL Class wage notices and/or accurate wage notices as required by NYLL §§ 195(1) and (2) at the time of their hiring or when any changes to the information required in the wage notices took place.

31.    Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiffs and the NYLL Class $50 per day for every day such notice was not provided, up to $5,000 per employee.

32.    In addition, Defendants failed to furnish Plaintiffs and members of the NYLL Class with wage statements and/or accurate wage statements, *i.e.*, pay stubs, that included, *inter alia*, their hours worked, any minimum wage allowances that were applied, and the correct amount of tip wages they should have and were legally owed.

33.    By failing to comply with their wage statements obligations, Defendants owe Plaintiffs and the NYLL Class $250 for each violation, up to $5,000 per employee

### Unlawful Retaliation Against Plaintiffs

34.    Plaintiffs Son and Kang began questioning Defendants Min and Kim about whether they were being properly paid all the wages and tips they were owed after noticing that their weekly wages were significantly lower than the estimated tip that they received a day.

35.    Mr. Min and Ms. Kim refused to be transparent about how the Plaintiffs' wages were calculated, saying instead that the Restaurant "doesn't show any of the employees its total tips," without any explanation or support for what they represented.    This was simply an effort to obfuscate and confuse Plaintiffs Son and Kang further.

36.    Plaintiffs Son and Kang pressed for an explanation but did not receive one. Son and Kang also questioned whether management and ownership took a portion of the service staff's tips. But Defendants never disclosed daily cash and credit card tip amount.

37.    Defendants also deducted about 25% of the wage that the employees were supposed to receive as employees' tax withholding. But they have neither provided tax forms

1099 or W2 to their employees nor remitted their employees' payroll tax to the proper government tax collecting authorities .

38.    At the time of their complaints, Plaintiffs had been working extremely hard, often four or five or more days a week.    By all accounts, Plaintiffs were dedicated to and performed very well for the Restaurant.

39.    However, within a week or two of Plaintiffs' engagement in protected activity, Mr. Lee and Mr. Min unceremoniously and abruptly reduced Plaintiffs' work hours, and interviewed them one by one, in retaliation for their complaints.

40.    On May 24, 2022, Plaintiffs sent out a letter to Defendants claiming their unpaid minimum wage, overtime wage, the spread of hours pay, etc.

41.    On May 26, 2022, Defendant Lee called Plaintiff Kang during her work. At the conference, Defendant Lee yelled at her "What are you trying to do with this lawsuit? How dare employees sue employers? Are you sure you are going to work with us? You must prepare to show all the strong evidence to support your claims by the next Monday. We have all the evidence to prove we did not do anything wrong. You backstabbed me even though I apologized to you already!"

<strong>FLSA COLLECTIVE ACTION ALLEGATIONS</strong>

42.    Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as non-exempt employees, including, but not limited to, Servers, Bussers, Hosts, Kitchen workers or other similar    positions during the FLSA Collective Period."

43.    At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same

manner and under the same common policies, plans, and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked, all of the tips they were owed, and overtime wages for hours worked over 40 in a week.

44.    During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

45.    As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, 29 U.S.C. § 203(m)(2)(B) by keeping tips received by its employees, including allowed managers and supervisors to keep a portion of employees' tips and violated 29 U.S.C. § 207 by not paying Plaintiffs and the FLSA Collective overtime wages for hours worked over 40 in a week.

46.    As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum and overtime wages and tips unlawfully kept, plus an additional equal amount in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

47.    While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are more than 40 other similarly situated persons who were employed by Defendants as "Service/Front of House Staff, including, but not limited to, Servers, Bussers, or other similar services 'tipped' positions during the FLSA Collective Period."

## RULE 23 CLASS ACTION ALLEGATIONS

48.    Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and behalf of all other similarly situated persons

who were employed by Defendants as "non-exempt employees, including, but not limited to, Servers, Bussers, Hosts, Kitchen workers or other similar positions during the NYLL Class Period."

49.    Plaintiffs allege that they and other NYLL Class Members were/are: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid overtime wages for all hours worked over 40 hours in a week; (iii) unlawfully denied gratuities; (iv) unlawfully deducted wages; (v) not paid wages for all hours worked; (vi) not provided with appropriate wage notices, and (vii) not furnished with appropriate wage statements.

50.    The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs, and the NYLL Class was paid in the same manner and under the same common policies, plans, and practices as Plaintiffs.

51.    Defendants subjected both the NYLL Class and Plaintiffs, to the same unlawful policies, plans, and practices, including not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, retaining gratuities, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

52.    During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the applicable provisions of the NYLL and/or its regulations.

53.    As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, retaining gratuities, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

54.    As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum wage, unpaid overtime wages, the amount of gratuities retained by Defendants, wages for all hours worked, penalties for failing to issue appropriate wage notices up to $5,000 per person, and penalties for failing to furnish appropriate wage notices of up to $5,000 per person, plus additional amounts (where applicable) in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

55.    Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.    Plaintiffs have the standing to seek such relief because of the adverse effects that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.    Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class, and Defendants.

56.    Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

- Whether Defendants employed Plaintiffs and the NYLL Class Members within the meaning of the NYLL;

- Whether Defendants paid Plaintiffs and the NYLL Class Members the federal and state minimum wage for all hours worked during the NYLL Class Period;

- Whether Defendants paid Plaintiffs and the NYLL Class Members overtime wages for all hours worked over 40 in a workweek;

- Whether Defendants' failure to pay the prevailing minimum wage or overtime wages constitutes violations of the FLSA or NYLL;

- At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiffs and the Class Members for their work;

- Whether Defendants illegally retained Plaintiffs' and the NYLL Class Members' tips;

- Whether Defendants unlawfully deducted Plaintiffs' and the NYLL Class Members' wage;

- Whether Defendants failed to pay Plaintiffs and the NYLL Class wages for all hours worked;

- Whether Defendants failed to issue Plaintiffs and the NYLL Class appropriate wage notices in violation of the NYLL;

- Whether Defendants failed to furnish Plaintiffs and;

- the NYLL Class with appropriate wage statements in violation of the NYLL; and

- Whether Defendants' violations of the FLSA and NYLL and/or their regulations were willful.

57.    These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

58.    Plaintiffs are members of the NYLL Class that they seek to represent.    Plaintiffs' claims are typical of the claims of the NYLL Class.    The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

59.    The plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.    Plaintiffs are willing and able to represent the NYLL Class fairly and vigorously pursue their similar individual claims in this action.    Plaintiffs have retained counsel who is qualified and experienced in labor and employment class action

litigation, and who is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.    The combined interests, experience, and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of the representation requirement of Fed. R. Civ. P. 23(a)(4).

60.    Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class.

61.    Injunctive and declaratory relief is the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

62.    The common issues of law and facts affecting Plaintiffs' claims and those of the NYLL Class Members, including the common issues identified above, predominate over any issues affecting only individual claims.

63.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.    There will be no difficulty in the management of this action as a class action.

64.    The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.    Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.    The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from

the same course of events and each class member makes similar legal and factual arguments to prove Defendants' liability.

65.    The NYLL Class is so numerous that the joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are more than 40 similarly situated persons who were/are employed by Defendants as "non-exempt employees, including, but not limited to Servers, Bussers, Hosts, or other similar positions during the NYLL Class Period."

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages in Violation of the FLSA)**

66.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage violation claims as if they were set forth again herein.

67.    The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

68.    During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

69.    As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

70.    The foregoing conduct of Defendants constitutes willful violations of the FLSA.

71.    Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum

wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the FLSA)

72.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

73.    The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week.   Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

74.    During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

75.    As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

76.    The foregoing conduct of Defendants constitutes willful violations of the FLSA.

77.    Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Illegal Retention of Gratuities Under the FLSA)

78.   Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their claim for illegal retention of gratuities as if they were set forth again herein.

79.   Pursuant to 29 U.S.C. § 203(m)(2)(B), the FLSA prohibits an employer from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

80.   During the FLSA Collective Period, Defendants unlawfully retained gratuities from Plaintiffs and the NYLL Class, in violation of the FLSA.

81.   Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendants the amount of unlawfully retained gratuities, liquidated damages, interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Unlawful Deduction of Wages Under the FLSA)

82.   Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their claim for unlawful deduction of wages as if they were set forth again herein.

83.   FLSA prohibits an employer from deductions made from wages for such items as cash or merchandise shortages, employer-required uniforms, and tools of the trade, are not legal to the extent that they reduce the wages of employees below the minimum rate required by the FLSA or reduce the amount of overtime pay.

84.   During the FLSA Collective Period, Defendants unlawfully deducted 25% of the wage from employees who received cash wages under the pretext of taxes but did not remit them to the IRS as employees' income tax.

85.    The employees who received cash wages were unable to receive the minimum wage because of the amount of money that was taken away by Defendants.

86.    Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendants the amount of unlawfully deducted wages, liquidated damages, interest, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of the NYLL)**

87.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage claims as if they were set forth again herein.

88.    The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.   Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

89.    During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

90.    As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

91.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

92.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages in Violation of the NYLL)**

93.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

94.    The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them overtime wages under the NYLL.

95.    During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class overtime wages for all hours worked over 40 in a week for Defendants.

96.    As a result of Defendants' failure to pay Plaintiffs and the NYLL Class overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

97.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

98.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**(Illegal Retention of Gratuities Under the NYLL)**

99.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for illegal retention of gratuities as if they were set forth again herein.

100.    NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

101.  During the NYLL Class Period, Defendants unlawfully retained gratuities from Plaintiffs and the NYLL Class in violation of NYLL § 196-d.

102.  Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are entitled to recover from Defendants the amount of unlawfully retained gratuities, liquidated damages, interest, and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Illegal Deduction Retention of Gratuities Under the NYLL)

103.  Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for illegal deduction of wage as if they were set forth again herein.

104.  NYLL § 193-1 bars an employer from making any deduction from the wages of an employee except deductions described in section 1.

105.  During the NYLL Class Period, Defendants unlawfully deducted 25% of the wages from Plaintiffs and the NYLL Class in violation of NYLL § 193-1.

106.  Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are entitled to recover from Defendants the amount of unlawfully retained gratuities, liquidated damages, interest, and attorneys' fees and costs.

## NINETH CLAIM FOR RELIEF
### (Failure to Pay Wages for All Hours Worked/Straight Time Wages)

107.  Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to pay wages for all hours worked as if they were set forth again herein.

108.  NYLL § 191(1)(a) requires employers to pay wages to manual workers like Plaintiffs and the NYLL Class on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.

109.  During the NYLL Class Period, Defendants unlawfully failed to pay wages to Plaintiffs and the NYLL for all hours worked, i.e., straight-time wages, no later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a).

110.  Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are entitled to recover from Defendants the amount of unpaid straight time wages, liquidated damages, interest, and attorneys' fees and costs.

### TENTH CLAIM FOR RELIEF
**(Failure to Issue Wage Notices)**

111.  Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to issue wage notices as if they were set forth again herein.

112.  NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occur.

113.  During the NYLL Class Period, Defendants unlawfully failed to issue appropriate wage notices to Plaintiffs and the NYLL Class.

114.  Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF
### (Failure to Furnish Wage Statements/Pay Stubs)

115.  Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to furnish wage statements as if they were set forth again herein.

116.  NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, hours worked, and any minimum wage allowances that are applied.

117.  During the NYLL Period, Defendants unlawfully failed to issue appropriate wage statements to Plaintiffs and the NYLL Class.

118.  Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

## TWELVETH CLAIM FOR RELIEF
### (Unlawful Retaliation Under the FLSA)

119.  Plaintiffs reallege and incorporate by reference all preceding paragraphs relevant to their claim for unlawful retaliation as if they were set forth again herein.

120.  FLSA § 215 makes it unlawful for an employer to discharge or in any manner discriminate against any employee because such employee, *inter alia*, filed a complaint related to any provision of the FLSA.

121.  Defendants unlawfully retaliated against Plaintiffs pursuant to FLSA § 215 by terminating his employment after they questioned Defendants' pay practices, including how their wages were calculated and whether Defendants misappropriated tips they had earned.

122.  As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiffs are entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, and litigation costs, and interest.

### THIRTEENTH CLAIM FOR RELIEF
**(Unlawful Retaliation Under the NYLL)**

123.  Plaintiffs reallege and incorporate by reference all preceding paragraphs relevant to their claim for unlawful retaliation as if they were set forth again herein

124.  NYLL § 215 makes it unlawful for an employer to discharge, threaten, penalize, or in any manner discriminate or retaliate against any employee because such employee, *inter alia*, made a complaint to his or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the NYLL.

125.  Defendants unlawfully retaliated against Plaintiffs pursuant to NYLL § 215 by reducing their working hours after they questioned Defendants' pay practices, including how their wages were calculated and whether Defendants misappropriated tips he had earned.

126.  As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiffs are entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, and litigation costs, and interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully request that the Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiffs can give such person notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiffs can give such person notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiffs as representative of the NYLL Class, and their counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.      Award Plaintiffs, the FLSA Collective, and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

J.      Award Plaintiffs all damages to which they are entitled pursuant to Defendants' unlawful retaliatory actions in violation of FLSA § 215 and NYLL § 215; and

K.      Grant Plaintiffs, the FLSA Collective, and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons, hereby demand a trial by jury on all issues of fact and damages.

Dated: September 29, 2023

　　　　　　　　　　　　　　　　　　 /s/ Ryan Kim
　　　　　　　　　　　　　　　　　Ryan J. Kim

　　　　　　　　　　　　　　　　　Ryan J. Kim, Esq.
　　　　　　　　　　　　　　　　　Ryan Kim Law, P.C.
　　　　　　　　　　　　　　　　　222 Bruce Reynolds Blvd. Suite 490
　　　　　　　　　　　　　　　　　Fort Lee, NJ 07024
　　　　　　　　　　　　　　　　　ryan@RyanKimLaw.com